IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

      Plaintiff,

v.                        CASE NO.: 3:24-cv-580-WWB-SJH
                                  **DISPOSITIVE MOTION**

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

      Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE

Defendants, Officer C. Graham and Sergeant J.T. Wilson, pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b) and 12(b)(6) and the Court's Order of August 8, 2024 (Doc. 13), hereby respectfully move that the Court enter an order dismissing with prejudice Plaintiff's Complaint (Doc. 1). For multiple reasons, Plaintiff's Complaint is frivolous, legally deficient, procedurally defective and fails to state a claim for relief. The Complaint should be dismissed with prejudice.

1.    Plaintiff filed her *pro se* Complaint on June 10, 2024. Plaintiff claims to be suing each Defendant in his individual capacity for actions taken while performing their duties as officers for the Duval County School Board ("DCSB").[1]

2.    Plaintiff attached three pages setting forth her allegations. She claims that she wished to attend a DCSB meeting but was initially denied entrance to the

---

[1] There is no indication that each individual Defendant was properly served with the Complaint; only the DCSB was apparently served.

1

DCSB Building for refusing to produce identification or otherwise identify herself, per DCSB policy. Doc. 1 at ¶¶ 4-10. "Exhibit 1" to Plaintiff's Complaint, which is fully incorporated into and relied upon as part of her allegations, is a video apparently depicting the entirety of events that occurred on the day of the meeting. Plaintiff was ultimately allowed entry into the meeting without identification. Ex. 1 at 13:00.[2]

3.  Once inside the meeting, Plaintiff immediately went to the front of the room to film the meeting at close range. Doc. 1 at ¶ 12; Ex. 1 at 14:45. However, she claims Defendants "harassed" her by asking her to move, and when she refused to sit down or speak to the media person at the meeting, she was removed from the meeting. Doc. 1 at ¶¶ 13-14.

4.  Plaintiff conclusively alleges that her First Amendment rights were violated when she was "trespassed" from the meeting. She also alleges, again in conclusory fashion with no factual support, that her Fourth Amendment rights were violated due to the "excessive force" used in removing her from the meeting. She does not allege any sort of physical harm and Exhibit 1 shows no such harm.

5.  Lastly, Plaintiff claims her First Amendment rights were violated when Defendant Wilson "put a privacy strike" on her video and had it removed from

---

[2] The video at Exhibit 1 is 19 minutes and 26 seconds in length. Citations will be to the time each event occurred, *i.e.*, "Ex. 1 at 13:00" (the thirteen minute mark).

Youtube. Doc. 1 at ¶¶ 15-22.[3] None of the four counts in the Complaint contain any elements of a cause of action or any further detail or explanation as to how Defendants' actions (all of which were taken during the course of their *official* duties) somehow violated Plaintiffs' constitutional rights.

6. Nonetheless, Plaintiff, without further explanation, seeks $100,000.00 in punitive damages.

7. The Complaint is due to be dismissed for several reasons. The individual Defendants have not been properly served and the allegations are wholly insufficient to state claims against them individually. All of the events occurred during their employment as officers at a DCSB meeting. They are entitled to qualified immunity for any individual claims, even if such claims could be properly stated. The video exhibit fully shows that they are entitled to qualified immunity.

8. Moreover, the Complaint fails to satisfy the basic federal pleading requirements and fails to state a claim against the Defendants. Asking for identification (for security reasons) to enter the DCSB Building, asking Plaintiff not to disrupt the meeting, and removing her from the meeting when she refused to sit down or speak with the media person are not actions that violated her constitutional rights. Lastly, there is no basis whatsoever for punitive damages against the individual Defendants.

---

[3] The video is currently available on Youtube. *See* REPOST - You are required to sit when WE tell you or you'll be removed | JTOWN (youtube.com); https://www.youtube.com/watch?v=vmGsiq79yz0

3

**MEMORANDUM OF LAW**

**A.   The Complaint Does Not Meet Federal Pleading Standards.**

Plaintiff's Complaint is subject to dismissal because she fails to satisfy the pleading requirements and wholly fails to state a claim to relief that is plausible on its face.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).  Here, the Complaint is nothing more than conclusory statements with no elements of a cause of action.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981).  A court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions.  *See Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Here, the only facts are that Plaintiff failed to produce identification to enter the DCSB Building (but was ultimately allowed into the meeting without identifying

4

herself), was asked to sit down or speak with a media person present at the meeting when she tried to film from the front of the room, and was then removed from the meeting when she refused. There are no elements of a constitutional claim, simply conclusory statements from these bare facts. The Complaint wholly fails to meet federal pleading standards and cannot survive a motion to dismiss.

Plaintiff's conclusory and vague narrative fails to include a short and plain statement of the ultimate facts showing that she is entitled to relief, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Complaint is also procedurally defective. Plaintiff alleges acts taken by the Defendants during the course of their DCSB employment while working at a meeting, and yet she claims to be suing them *individually* without any facts to demonstrate individual liability. The few facts there are simply attest to each Defendant performing his official duties as a DCSB officer. They establish qualified immunity for the individual officers. And lastly, Plaintiff alleges nothing that would support $100,000,00 in punitive damages against the individual Defendants. The Complaint should be dismissed.

**B.   The Complaint Does Not State a Claim for Relief.**

Even taking any facts as true, the Complaint fails to state a plausible claim. Again, Plaintiff alleges nothing more than being asked for identification (and then allowed into the meeting anyway), being asked to leave the front of the meeting room, and being removed from the meeting when she refused. Plaintiff then claims constitutional violations against the individual Defendants in wholly conclusory

fashion, with no further explanation or anything establishing the elements of a constitutional claim.

A full review of the nearly 20-minute video, incorporated as part of the Complaint, tells the story. Plaintiff entered the DCSB Building, the headquarters of the DCSB that houses many public offices and requires security, and it quickly becomes clear that Plaintiff was looking for a fight. She was simply asked to produce identification in order to obtain a visitors badge to enter the building, a standard policy for all visitors to this sensitive building. Ex. 1 at 0:30, 0:45, 1:11; 3:18. From this moment, Plaintiff becomes belligerent, combative and insulting to public employees who were merely trying to do their jobs. Ex. 1 at 2:00 ("I don't care what your rules are"); 2:55 ("I don't care about your policy"); 5:00 (refusing to move so others can enter the building); 8:15 ("I don't care what your rules are"). Officer Graham, in the meantime, remains calm and respectful through the entire encounter, explaining that visitors must show identification and have temporary badges for the security of the building. Ex. 1 at 10:15.

Once Sgt. Wilson arrives, he de-escalates the situation by nonetheless allowing the Plaintiff into the building, where she enters the meeting room and goes straight to the front, standing at the end of the aisle. Ex. 1 at 15:00. Contrary to her allegations in the Complaint, the video then shows Sgt. Wilson calmly asking her to either sit down or talk to the public media person. Ex. 1 at 15:30; 15:45. Plaintiff repeatedly refuses and again becomes combative and disruptive in the middle of the meeting. Finally, Officer Graham calmly escorts her out, physically

6

guiding her out of the building but never placing her arms behind her back and without physically harming her in any way.  Ex. 1 at 16:45.

Once outside, Plaintiff is free to leave, and the officers calmly explain to her that she was removed from the building for being disruptive and refusing to follow directions.  Plaintiff then attempts to force her way back into the building, threatens the officers, and ultimately resorts to belittling and insulting them and calling them names.  Ex. 1 at 18:36 ("I guess that's why you are working for the School Board"); 18:54 (calling officer a "thug").  Both officers continue to remain calm and do not escalate the situation until Plaintiff finally leaves the premises.

How the officers' actions could possibly violate Plaintiff's constitutional rights defies both logic and legal precedent.  Plaintiff's allegations, especially when viewed in conjunction with the video, merely establish that the individual Defendants were performing their official duties at the DCSB meeting. The Complaint states vague allegations showing that the Defendants were doing their jobs as officials for the DCSB police department.  Asking for identification (and then letting Plaintiff into the meeting without identification) and asking Plaintiff to sit or move away from the front of the meeting room did not violate her First Amendment rights.

There is nothing unconstitutional about requiring members of the media or public to stand in a certain area so as not to disrupt a public meeting.  *See, e.g., Jones v. Heyman*, 888 F.2d 1328, 1331-33 (11th Cir. 1989) (holding that mayor's actions in attempting to confine speaker to agenda item at commission meeting and

7

having speaker removed when speaker became disruptive did not violate the First Amendment). The reason for this is simple: school board meetings "cannot accommodate the sort of uninhibited, unstructured speech that characterizes a public park." *Lowery v. Jefferson City Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009). Such meetings are limited public forums that can be restricted in the interest of decorum and to avoid disruption. *See id.* Certainly, the DCSB headquarters is not a traditional public forum, and it is not unconstitutional to ask for identification so visitors can wear badges while in the building.

Removing the Plaintiff from the meeting when she refused to adhere to reasonable restrictions, even with some physical touching, also did not violate her Fourth Amendment rights. *See, e.g.*, *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 522-24 (6th Cir. 2019) (officers' removal of plaintiff from public meeting was not a Fourth Amendment violation when plaintiff violated council rules and refused to leave, even if officers held plaintiff's hand or arm and used force in guiding her out of the meeting, and she was then unrestricted once outside the building). As in *Youkhanna*, Plaintiff here alleges nothing more than being physically guided out of the building. That is exactly what the video shows, with nothing close to excessive force. Plaintiff has not alleged a plausible Fourth Amendment claim.

In short, the allegations in the Complaint do not establish a constitutional violation, and the video exhibit contradicts the Complaint's story at every turn. The Complaint should be dismissed with prejudice.

8

## C. The Defendants Are Entitled to Qualified Immunity.

Even if Plaintiff had a basis to sue these two officers in their individual capacities for performing their official duties as DCSB officers, the allegations as pled in the Complaint and the incorporated video exhibit clearly entitle the two officers to qualified immunity. *See, e.g., Collinson v. Gott*, 895 F.2d 994, 997 (4th Cir. 1990) (officers who evicted a citizen from a public meeting were entitled to qualified immunity for First Amendment claims); *Heaney v. Roberts*, 846 F.3d 795, 803-804 (5th Cir. 2017) (police officers entitled to qualified immunity for First and Fourth Amendment claims arising out of removing citizen from meeting due to disruption); *Youkhanna*, 934 F.3d at 522-24 (officers' removal of plaintiff from public meeting was not a Fourth Amendment violation even if officers held plaintiff's hand or arm and used force in guiding her out of the meeting, and she was then unrestricted once outside the building).

The officers here were simply performing their duties as DCSB officers; they explained the policies and calmly asked Plaintiff to comply with directions, then calmly removed her from the building when she repeatedly and defiantly refused. Under no circumstances did the officers violate Plaintiff's clearly established constitutional rights. The officers are immune from individual liability and there is no way to overcome that immunity through amending the Complaint. It should be dismissed with prejudice.

### D.     There is No Claim Based on the Youtube Video.

It is also completely unclear how removing a video from Youtube, apparently due to privacy concerns, violated Plaintiff's First Amendment rights or how Sgt. Wilson would be responsible individually for Youtube's decision to remove a video. Notably, police officers are entitled to keep their identifying personal information private under Florida law.  *See* Fla. Stat. § 119.071(4)(d)2.a.  There is nowhere near enough factual detail for Defendants to properly answer the Complaint.

In any event, as shown above, there are currently *two* videos on Youtube of the events at issue, with plenty of commentary from the Plaintiff, who posted the videos.  This claim has no merit.

### E.     There is No Basis for Punitive Damages.

Lastly, Plaintiff frivolously seeks $100,000.00 in punitive damages against these two Defendants in their individual capacities.  The allegations and the depictions in the video do not come close to the kind of "evil motive or intent" or "reckless or callous disregard of or indifference to" constitutional rights, or other rare "special circumstances," necessary to recover punitive damages against these individual defendants.  *See Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir. 1983); *Mitros v. Cooke*, 170 F. Supp. 2d 504, 507-508 (E.D. Pa. 2001); *Does 1-22 v. Board of Education of Prince George's Co.*, 644 F. Supp. 3d 149, 162-63 (D. Md. 2022).  The officers were simply doing their jobs.  The video shows the officers were calm and respectful throughout the incident, attempted to explain the polices and procedures to the Plaintiff, and did not use excessive force in guiding

10

her out of the DCSB headquarters.  Once outside, they did not restrain Plaintiff in any way, and remained calm despite Plaintiff's insults and abuse.

Plaintiff's claim for punitive damages is frivolous.  There are absolutely no allegations establishing an entitlement to punitive damages against individual defendants, much less such an outrageous amount of damages.[4]  The video shows nothing to support the allegations in the Complaint, and in fact contradicts the inflammatory allegations in the Complaint.  There is no meritorious claim for relief alleged in the Complaint.

**F.    Conclusion.**

Plaintiff has failed to state a plausible claim for any violation of the First or Fourth Amendment.  The video, incorporated into the Complaint, verifies this at every turn.  Official acts in keeping with DCSB meeting decorum did not violate Plaintiff's constitutional rights, and the two individual officers are entitled to qualified immunity.  The Complaint completely fails to state any legal claim or satisfy federal pleading rules, and in any event, there can be no basis for a First or Fourth Amendment claim under 42 U.S.C. § 1983.  There certainly is no basis for punitive damages against *individual* defendants performing their official duties.  No amount of amending the Complaint will lead to a plausible claim.

---

[4] If Plaintiff intends to seek tort damages, she has not alleged nor established compliance with the pre-suit notice requirements of section 768.28, Florida Statutes, and section 112.210, *et seq.*, of the Jacksonville Ordinance Code.

WHEREFORE, based on the foregoing reasons, Defendants respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, in its entirety, with prejudice.

### Local Rule 3.01(g) Conferral

The undersigned counsel for the City previously conferred with the *pro se* Plaintiff on July 8, 2024. Plaintiff indicated that she opposes the motion to dismiss.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Craig D. Feiser*
Craig D. Feiser
Assistant General Counsel
Florida Bar No.: 164593
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 255-5100
Facsimile: (904) 255-5120
cfeiser@coj.net
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and mailed a copy of the foregoing to: Lana Patrick, 9378 Arlington Expressway, Jacksonville, FL 32225.

*/s/ Craig D. Feiser*
Craig D. Feiser