IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

    Plaintiff,

v.                             CASE NO.: 3:24-cv-580-WWB-SJH

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

    Defendants.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO

## DISMISS COMPLAINT WITH PREJUDICE

    Plaintiff comes before this court to respectfully deny the defendants motion to dismiss for the reasons listed in this response and in the pursuit of justice.

    The main reason being justice for my rights being violated, and it seems too clarify to the defense exactly what a citizens rights are and how their duty isn't to violate them.

    1. I am suing each defendant in their individual capacity as their actions were not motivated by a custom or policy and were done of their own free will. Service was proper as per Federal Rule of Civil procedure 5 (b)(2)(B)(i) which states:

> *(B) leaving it:*
>
> *(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office;*

Defendant admitted that the office recieved it and they seemed to have missed no deadline. Is the defense under the impression each individual has to be personally served?

2. The defense talks about some policy to identify myself, but the problem is that they dont have a policy that requires my ID before entering, and they are not allowed to require ID to get into a public meeting. The Florida Attorney General has already addressed this issue in AGO 2005-13[1] which states:

> *Similarly, the requirement that members of the*
> *public must provide identification prior to their*
> *attendance at a public meeting could have a chilling*
> *effect on the public's willingness to attend. Nothing*
> *in the Sunshine Law imposes such a requirement.*

The act of restricting my access from recording the meeting because of a policy that wouldnt be lawful if they had one to begin with, could be seen as prior restraint.

> *Quoting Cooper v. Dillon, 403 F.3d 1208 (2005)*
> *Prior restraints have also been found where the government*
> *has unbridled discretion to limit access to a particular*
> *public forum. See United States v. Frandsen, 212 F.3d 1231,*
> *1236-37 (11th Cir.2000) (finding prior restraint where a*
> *National Park Service licensing scheme gave park official*
> *unlimited power to grant or deny permits to protest in the*
> *park)*

I think depositions are in order to find out how many times these defendants have denied access to public meetings for not providing ID as part of their regular duties.

3. I was under no obligation to either sit or talk to the media person, I was also under no obligation to listen to the officers unlawful commands. There is no policy saying that I couldnt stand there. I was recording quietly and no one in the meeting asked me to leave.

---

[1] https://www.myfloridalegal.com/ag-opinions/sunshine-law-identification-as-condition-of-attendance

4. The defense seems to not understand that citizens have a liberty interest in visiting publicly accessable public places.

> *Because Plaintiffs possess a private liberty interest in lawfully visiting city property that is open to the public (an interest of which Plaintiffs will be deprivedby the issuance of a trespass warning) Catron, et al. v. City of St. Petersburg, FL, No. 10-12032 (11th Cir. 2011) Page 10*

Without a crime the officers lack the authority to stop me from engaging my first amendment rights.

> *A police officer is not a law unto himself; he cannot give an order that has no colorable legal basis and then arrest a person who defies it. So it is here: because Iacobucci's activities were peaceful, not performed in derogation of any law, and done in the exercise of his First Amendment rights, Boulter lacked the authority to stop them.*
> *IACOBUCCI v. BOULTER (1st circuit 1999) II, C*

In Iacobucci the plaintiff was recording inside the hallway after a public meeting and the officer asked him to stop recording and arrested him when he didn't.

As was stated in Iacobucci, an officer is not a law unto themself, an order to sit down or talk to a media person are not lawful orders and can be ignored. Without the authority to ask me to leave, "guiding" me out becomes an unwanted touching which is a battery under Florida law

> 784.03 Battery; felony battery.—
> (1)(a) The offense of battery occurs when a person:
> 1. Actually and intentionally touches or strikes another person against the will of the other;

Realizing that you wouldn't get charged by fellow officers, I decided to deal with it civilly as an excessive force claim.

Surely the defense knows that just having an officer on scene is a use of force according to the force continuum, empty hand control is third, just under less lethal.[2]

It seems that empty hand control is used to restrain someone and not to "guide" a citizen from somewhere they have a right to be, when they have committed no crime or broken a rule. The act of "guiding" someone out then becomes an unwanted touching and an excessive use of force.

> *Moreover, under this circuit's test for evaluating an excessive force claim the court must examine: (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically. Byrd v. Clark, 783 F.2d 1002, 1006, (11th Cir.1986); Gilmere v. City of Atlanta, 774 F.2d 1495, 1501 (11th Cir.1985) (en banc).*
> *Leslie v. Ingram, 786 F. 2d 1533,1536 - Court of Appeals, 11th Circuit 1986*

The defense fails in the fact that there was no need to apply force, a simple verbalization of leave or go to jail would of sufficed.

5. I'm not sure the defense understands subsequent punishment, a form of prior restraint that happens after publishing. The defendant in filing a privacy strike that took down my story about his unlawful behavior is no different then the mayor buying up all the newspapers to keep the public from reading the story about him. We have a right to record our officials and we also have a right to disseminate that recording to the public.

> *Surely no sensible official reading these long-on-the-books opinions could believe that that act —assuming it represents an adverse action —was not a burden on Berge's First Amendment right to publish on a matter of public concern.*
> *Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024)*

---

[2] https://nij.ojp.gov/topics/articles/use-force-continuum

In Berge the plaintiff made a recording of his public officials and posted it to his Facebook account, the school board threatened legal action if he didn't take it down. I think its important that we remember

> *Official reprisal for protected speech "offends the Constitution [because] it threatens to inhibit exercise of the protected right," Crawford-El v. Britton, 523 U. S. 574, 588, n. 10 (1998), and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out, id., at 592; see also Perry v. Sindermann, 408 U. S. 593, 597 (1972) (noting that the government may not punish a person or deprive him of a benefit on the basis of his "constitutionally protected speech")*
> *Hartman v. Moore, 547 U.S. 250 (2006) II*

The defense doesn't get to privacy strike my video to get it taken down because he doesn't like the way he behaved. That is a violation of my right to publish, a first amendment right thats clearly established.

6. Punitive damages are needed to punish these defendants for violating my rights, they dont seem to learn any other way. They dont fare any better when their defense is that violating rights is just part of their everyday duties.

> *Smith correctly concedes that "punitive damages are available in a `proper' § 1983 action . . . ." Carlson v. Green, 446 U. S. 14, 22 (1980); Brief for Petitioner 8. Although there was debate about the theoretical correctness of the punitive damages doctrine in the latter part of the last century, the doctrine was accepted as settled law by nearly all state and federal courts, including this Court.[3] It was likewise generally established that individual public officers were liable for punitive damages for their misconduct on the same basis as other individual defendants.*
> *Smith v. Wade, 461 US 30,35 - Supreme Court 1983*

They showed absolutely no regard for my rights and violated them without even thinking about it. The violation was malicious as you can see the joy in the face of the defandants as they kicked me out and mocked me.

For all the reasons stated above I kind request the court denies the defedants motion to dismiss so that justice can preveil.

Submitted on the 6th day of September, 2024

                                                  Respectfully submitted,

                                                  **Lana Patrick, Pro Se**
                                                  **9378 Arlington Expressway,**
                                                  **Jacksonville, FL 32225.**
                                                  **thejtownpress@gmail.com**
                                                  **904-445-1589**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY that on this     day of September, 2024, I mailed a copy of the foregoing to:**
                        **Craig D. Feiser**
                        **Assistant General Counsel**
                        **117 West Duval Street, Suite 480**
                        **Jacksonville, Florida 32202**