UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

      Plaintiff,

v.                                                                CASE NO. 3:24-cv-580-WWB-SJH

OFFICER GRAHAM, et al.,

      Defendants.
_____/

**PLAINTIFF'S OBECTIONS TO THE**
**REPORT AND RECOMMENDATION**

    Comes now the plaintiff Lana Patrick in a pro se capacity to object to the magistrate judge's report and recommendation. For the reasons listed below we humbly ask the court to deny the report and allow the case to move forward so justice may be found.

    **I.**  Claim **one and two**

    The first claim is based on the first amendment, free press and the right to gather information. In a free society, the right to watch over and report on our public employees actions is actually a civic duty. The fourth estate was set up as a watchdog over the government and our right to report on what they are doing from an area we are legally allowed to be in is as clearly established as a right can be. The report mistakeningly goes directly to forum anaylsis for speech regulation, when there is no regulation or policy that needs reviewed. There is no policy about recording the meeting nor is there a policy requiring identification to enter the building or meeting. The report mistakeningly believes a sign slapped up on the wall indicates a policy somewhere. *See R&R pg 11 para 2 line 2*

1

The fact is a sign does not make a policy, a policy is written down, able for citizens to have due notice in order to obey the said policy. As for entering in a public meeting with identification, the state law (FL statute 286.011(1)) has always been clear in that public meetings are open to the public, not open to the public that has identification. This clearly established law has given us the well established right of access to these meetings.

The violation might not be as clear to the judge because George Floyd wasn't getting choked out in this meeting. If he was and I was unable to record such an event due to them not allowing me to enter the meeting over a made up policy then the violation might appear more clear to the magistrate judge. However it doesn't matter as this case points out.

> *The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. See New York Times Co. v. United States, 403 U. S. 713 (1971). Elrod v. Burns, 427 U.S. 347, 374 (1976)*

Here there can be no doubt that I lost some of my first amendment rights by first being delayed and then by being removed. The removal itself was not warranted and violated my rights. I was under no obligation to sit, to talk to defendants or the media person. I wasn't asked or directed by the board to sit or talk to the media person, there is no policy stating I have to sit or talk to the media person. While this case is out of circuit, it is almost exactly on point. A gentleman recording a public meeting,who had left the meeting room as it had concluded, had noticed some officials talking in the hallway. The gentleman, believing the meeting was still ongoing, started recording the officials. A police officer came and asked the gentleman to stop recording. When the gentleman

2

didnt, he was arrested for disorderly conduct. This is what the court had to say,

> *Even if the gathering was not a public meeting at that point, Iacobucci was doing nothing wrong: he was in a public area of a public building; he had a right to be there; he filmed the group from a comfortable remove; and he neither spoke to nor molested them in any way.6*
>
> *Boulter's repeated demands that Iacobucci cease recording do not change the disorderly conduct calculus. A police officer is not a law unto himself; he cannot give an order that has no colorable legal basis and then arrest a person who defies it.   So it is here: because Iacobucci's activities were peaceful, not performed in derogation of any law, and done in the exercise of his First Amendment rights, Boulter lacked the authority to stop them.*
> *IACOBUCCI v. BOULTER (1999) 1st circuit (II, c)*

So is the situation in the present case. I was in a place I was allowed by law to be, engaged in constitutionally protected activity of gathering information. I was under no obligation to listen to the defendants and they had no authority to stop my protected activity. No member of the board asked the defendants to come over and ask me to sit as is clear in the video, they took it upon themselves to come over and harass me.

## II. Claim three

The claim in count three was clearly laid out. A seizure happened when the defendant (Graham) grabbed my arm, thats the physical element and he restrained my freedom of movement by pulling/pushing me out the door, which is not the direction I wanted to go.

3

The video clearly shows defendant Graham grab my arm and forcefully move me towards the door, thus satisfying both elements of 1. physical and 2. restraining of freedom of motion, for a seizure. Removing someone from a public place they are allowed to be, absent a crime, is a violation, and any force used in the execution of the unlawful removal would thus be excessive. As explained in my earlier filings, the use of force matrix specifically mentions level 3 in the case of detainment or arrest, not in the unlawful removal of a non violent person. Unless I have broken a law, no man has the authority to put his hands on me.

### III. Claim four

Claim four is based on the right to publish, as the court knows, we have a right to publish our thoughts, reports and/or investigations without interference from government restraint. Claim four is a claim against defendant Wilson because of his actions in getting my news report taken offline. He did this through YouTube's "privacy strike" system, in which a private citizen who has an expectation of privacy can ask to have a video removed if they didn't consent. It's not a system for public employees who have no expectation of privacy to remove a video because it makes them look bad.

> *If the First Amendment means anything in a situation like this, it is that public officials cannot —as they did here —threaten a person with legal action under an obviously inapt statute simply because he published speech they did not like. See Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019) (reminding that the First Amendment '"generally'" bans '"government officials from subjecting an individual to retaliatory actions' for engaging in protected speech" (quoting Hartmanv. Moore, 547 U.S. 250, 256 (2006))); Sullivan, 376 U.S. at 269-70 (warning that government officials cannot try to censor or suppress speech they dislike just because they dislike it); see also Gericke v. Begin, 753 F.3d 1, 6 (1st Cir. 2014) (stressing that "[r]etaliation is always reprehensible" and that "it is obviously improper for officers to invoke [legal processes] for retaliatory purposes").*
> *Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024)*

In the Berge case listed above, a gentleman had made a recording in his school board building and posted it to his facebook page. The school sent a letter threatening him with a criminal charge if he didn't remove the video, so he sued.

> *So it should not be a surprise that the First Amendment grants a robust right to publish information of public concern, see Smith v. Daily Mail Publ'g Co., 443 U.S. 97, 103(1979) (affirming that "state officials may not constitutionally punish publication" of "lawfully obtain[ed] truthful information about a matter of public significance," "absent a need to further a state interest of the highest order") —even including material that someone else stole, certainly at least where the publisher had no hand in the theft.*
> *Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024)*

Defendant Wilson violated my right to publish by commiting a prior restraint known as subsequent punishment. His actions are no different then the public official who buys up all the copies of the towns paper to keep citizens from reading the story about him. Defendant Wilson targeted and had my video taken down to hide his actions as a public employee from the public eye and discussion. Of all the claims, this one is by far the worst.

For all the reasons listed above we respectfully ask the court to deny the magistrate judge's report and recommendation and allow this case to proceed.

Date: 11/30/2024

_____

**Lana Patrick Pro Se**
**9378 Arlington Expy**
**Jacksonville FL 32225**
**Email: thejtownpress@gmail.com**
**Phone: 904-524-6030**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of November 2024, a true and correct copy of the foregoing was filed with the Clerk of Court for uploading to the CM/ECF system. I further certify that I electronically mailed the foregoing document to Mary Margaret Giannini, Counsel for Defendants, 117 West Duval Street, Suite 480, Jacksonville, FL 32202.

/s/
Lana Patrick Pro Se