IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

      Plaintiff,

   v.                         CASE NO.: 3:24-cv-580-WWB-SJH

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

      Defendants.

_____/

## DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE DISMISS, PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12, Federal Rules of Civil Procedure, Defendant Sergeant J.T. Wilson respectfully moves for the entry of an Order striking Plaintiff's Amended Complaint (Doc. 35), as this Court lacks jurisdiction to address the same due to Plaintiff's filing of a Notice of Appeal (Doc. 33) in the above-style litigation.   In the alternative, Defendant Wilson moves to dismiss the Amended Complaint as Plaintiff has failed to sufficiently state a claim for which relief can be granted.

1.     On June 10, 2024, Plaintiff (pro se) initiated this action by filing a four-count complaint suing Defendants Graham and Wilson in their individual capacities for actions taken while performing their duties as law enforcement officers for the Duval County School Board ("DCSB").

2.     On March 12, 2025, this Court dismissed Counts I-III with prejudice, dismissed Count IV without prejudice, and granted Plaintiff leave to file an amended complaint as to Count IV no later than March 25, 2025.  *See* Doc. 32.

3.      On March 19, 2025, Plaintiff filed a Notice of Appeal challenging the Court's March 12, 2025 Order and the dismissal of all four counts of the original complaint.  *See* Doc. 33.

4.      Plaintiff then filed an Amended Complaint on March 25, 2025.

5.      Accordingly, Defendant Wilson requests the entry of an Order striking the Amended Complaint because the Court has been divested of jurisdiction with Plaintiff's initiation of appellate proceedings, and thereby Defendant Wilson should not be obligated to respond to the Amended Complaint's substance.

6.      Nonetheless and in the alternative, Defendant Wilson requests the entry of an Order dismissing the Amended Complaint with prejudice as Plaintiff fails to state a claim for which relief can be granted in violation of Fed. R. Civ. P. 12(b)(6) and 8(a)(2).

## <u>MEMORANDUM OF LAW</u>

### I.      THE COURT IS CURRENTLY DIVESTED OF JURISDICTION.

Plaintiff filed a notice of appeal in this matter divesting the Court of authority over the case.  "The filing of a proper notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal."  *In re Walker v. Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).  *See also Thompson v. RelationServ Media, Inc.*, 610 F.3d 628, 638 n.14 (11th Cir. 2010).  Plaintiff's notice of appeal indicated she was challenging the Court's entire Order.  *See*  Fed. R. App. P 3(c) (a notice of appeal must "designate the judgment, order or part thereof appealed from.").  Accordingly, Plaintiff's Amended Complaint is due to be stricken from the docket.

2

## II.    ALTERNATIVELY, PLAINTIFF FAILS TO STATE A CLAIM.

Even if the Court was not divested of jurisdiction at this stage, Plaintiff's Amended Complaint is due to be dismissed as Plaintiff fails to satisfy the pleading requirements of Rules 8(a)(2) and 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Likewise, Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Amended Complaint fails to satisfy these requirements.

Plaintiff asserts that Defendant Wilson, "a state official acting under color of state law," violated her constitutional rights by "punishing her financially by having [her] news story removed [from YouTube]" as well as impacting her credibility.  Doc. 35 at 3.  She also surmises that Defendant Wilson dishonestly filled out a privacy complaint with YouTube asking that the video be removed.  *Id.* at 2.  At best, Plaintiff's allegations represent "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and warrants the Court's dismissal.

Plaintiff has further failed to sufficiently allege why she is entitled to $100,000.00 in punitive damages from Defendant Wilson.  The allegations in the Amended Complaint do not rise to the level of "evil motive or intent" or "reckless or callous disregard of or indifference to" constitutional rights, or present other rare "special circumstances" necessary for Plaintiff to recover punitive damages. *See Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir. 1983); *Mitros v. Cooke*, 170 F. Supp. 2d 504, 507-508 (E.D. Pa. 2001); *Does 1-22 v. Board of Education of Prince George's Co.*, 644 F. Supp. 3d 149, 162-63 (D. Md. 2022).

Plaintiff has done nothing to address the pleading deficiencies laid out in Magistrate Judge's Report and Recommendation, *see* Doc. 25 at 18-19, 20-21, or in this Court's Order which ultimately granted Plaintiff the opportunity to replead Count IV. *See* Doc. 32 at 3-5. Despite being provided a second opportunity to do so, Plaintiff has failed to sufficiently allege a claim for which relief can be granted, and she should not be granted a third proverbial "bite of the apple." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 1353, 1360 (M.D. Fla. 2012). Hence, further amendment would be futile. *Jones v. AngioDynamics, Inc.*, 6:23-cv-1554, 2024 WL 4430671, at *4 (M.D. Fla. Sept. 9, 2024) (quoting *Grimes v. Florida*, 71 F.Supp.3d 1319, 1323 (M.D. Fla. 2014). The Amended Complaint, therefore, is due to be dismissed with prejudice.

WHEREFORE, Defendant Sergeant J.T. Wilson, respectfully requests the entry of an Order striking Plaintiff's Amended Complaint, or alternatively, dismissing same with prejudice.

## Local Rule 3.01(g) Conferral

The undersigned counsel for the City conferred with the *pro se* Plaintiff on March 28, 2025. Plaintiff indicated that she opposes the relief requested herein.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Mary Margaret Giannini*
**Mary Margaret Giannini**
Assistant General Counsel
Florida Bar No. 1005572
MGiannini@coj.net; lpatori@coj.net
117 West Duval Street, Suite 480
Jacksonville, FL 32202
Phone: (904) 255-5100
Facsimile: (904) 255-5120
*Counsel for Defendant*

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of April, 2025, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, and mailed a copy of the

foregoing to:  Lana Patrick, 9378 Arlington Expressway, Jacksonville, FL 32225.

*/s/ Mary Margaret Giannini*
Mary Margaret Giannini
Counsel for Defendant