UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

    Plaintiff,

v.                                                  CASE NO. 3:24-cv-580-WWB-SJH

OFFICER GRAHAM, et al.,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO DISMISS THE AMENDED COMPLAINT FOR COUNT IV**

    Comes now the plaintiff Lana Patrick in a pro se capacity to respond to the defendants motion to dismiss the amended compliant. For the reasons listed below I believe the case should go forward.

**FACTS**

    The facts of this claim are simple, a government agent restricted the publics access to the well of information. He used clearly false statements about having some expectation of privacy while engaging in his public duties. No matter if the defendant filed the privacy strike on or off duty doesn't matter, the act of filing the strike to remove a news report of a government agents action is the issue. If the defendant had been in his private capacity when recorded then it would of been his right to try and have the video removed, however as a government agent being recorded you can't go back while off duty to remove stories done about your performance on duty.

You might as well say the mayor can buy up all the NY Times after he is off work so the public can't read the story of his fraud. Clearly this is a claim in which relief can be granted, and should be granted. To not do so would subject every news agency who publishes on third party platforms to be subjected to off duty government workers striking videos of their bad behavior.

The amount of damages is meant to be a punishment for bad behavior, I realize the governments thoughts on being able to violate rights and not face any kind of punishment but those days are going by the wayside. Acting like there was no injury just because I didn't shed blood is reprehensible. A loss of any right for even minimal amounts of time is an injury.

> *The loss of First Amendment freedoms,*
> *for even minimal periods of time,*
> *unquestionably constitutes irreparable*
> *injury. See New York Times Co.*
> *Page 427 U. S. 374 v. United States, 403*
> *U. S. 713 (1971).*
> *Elrod v. Burns, 427 U.S. 347, 373 (1976)*

While very few public employees try this even though there are a million videos like this on third party platforms, and as such no cases on point, its more than clear an action like the one defendant has taken would clearly violate my rights.

To not understand one of our oldest and most well established rights, and then to act like I don't have an injury after you violated it speaks volumes. I think it's important to understand what our rights exactly are and how they can be violated.

> *"[T]he purpose of the First Amendment includes the need . . . **'to protect parties in the free publication of matters of public concern**, to secure their right to a free discussion of public events and public measures, and to enable every citizen at any time to bring the government and any person in authority to the bar of public opinion by any just criticism upon their conduct in the exercise of the authority which the people have conferred upon them.'"*
>  *(quoting 2 T. Cooley, Constitutional Limitations 885 (8th ed.1927)).*

I think the fact that thousands of videos of public officials are on YoutTube but there is no case on point signifies that a reasonable person would understand how removing a news story about yourself over fake privacy concerns would violate my right to publish. As to if my story was a matter of public concern, I think the first half of this quote covers the issue.

> *Even decisions seemingly based exclusively on the individual's right to express himself acknowledge that the expression may contribute to society's edification. Winters v. New York, 333 U. S. 507, 333 U. S. 510 (1948).*
> *Cont....*

> *Nor do our recent commercial speech cases lend support to appellee's business interest theory. They illustrate that the First Amendment goes beyond protection of the press and the self-expression of individuals to **prohibit government from limiting the stock of information** from which members of the public may draw.*
> *First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765,783 (1978)*

The second half directly addresses this defendant's actions, they purposely limited the stock of information from which the public could draw. If the defendant realizes, and most officers do, that if I can record him in the course of his duties then I can surely publish that same recording without interference from him as noted time and again by the cases below.

> *SeeNievesv. Bartlett, 139 S. Ct. 1715, 1722 (2019) (reminding that the First Amendment "'generally'" bans "'government officials from subjecting an individual to retaliatory actions' for engaging in protected speech" (quoting Hartmanv. Moore, 547 U.S. 250, 256 (2006))); Sullivan, 376 U.S. at 269-70 (warning that government officials cannot try to censor or suppress speech they dislike just because they dislike it); see alsoGerickev. Begin, 753 F.3d 1, 6 (1st Cir. 2014) (stressing that "[r]etaliation is always reprehensible" and that "it is obviously improper for officers to invoke [legal processes] for retaliatory purposes").*
>
> *Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024)*

4

Which was quoting the Berge case and what the 1st circuit said was even if a 1st amendment right to record didn't exist the plantiff still had a right to publish.

> *So even if Berge had no First Amendment right to record (and we express no opinion either way), that would not mean —given the complaint's facts — that the individual defendants could then baselessly burden his First Amendment right to publish.*
>
> *Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024) Pg 20-21*

For the reasons listed above I respectfully ask the court to deny the defendants motion to dismiss.

Respectfully submitted,

Lana Patrick Pro Se

9378 Arlington Expy

PMB 204

Jacksonville FL 32225

thejtownpress@gmail.com

904-524-6030

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2025, I emailed a copy of the foregoing to:

MMGiannini
Assistant General Counsel
(904) 255-5079
MGiannini@coj.net

**Lana Patrick Pro Se**

9378 Arlington Expy
PMB 204
Jacksonville FL 32225
thejtownpress@gmail.com
904-524-6030