UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

    Plaintiff,

v.                                                    CASE NO. 3:24-cv-580-WWB-SJH

OFFICER GRAHAM, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on Defendants' Motion to Strike, or in the Alternative Dismiss, Plaintiff's Amended Complaint ("Motion"), Doc. 37, and Plaintiff's response in opposition thereto ("Response"), Doc. 40. The undersigned respectfully **recommends** the Motion be **granted** to the extent stated herein.

### I.    Background

Plaintiff, proceeding *pro se*, filed a complaint ("Complaint") against Defendants, two Duval County School Board ("DCSB") officers, seeking relief under 42 U.S.C. § 1983. Doc. 1. All claims stemmed from the efforts of Plaintiff, "an independent Journalist/Activist[,]" to attend a DCSB meeting on March 12, 2024. *See id.* at ¶¶ 1, 4- 22. Count One alleged Defendants violated Plaintiff's First Amendment rights by removing and trespassing her from the building where the meeting was held. *See id.*, ¶¶ 15-16. Count Two alleged the same conduct was an unlawful "prior restraint" that restricted her "ability to gather information to disseminate to the public." *See id.*, ¶¶

17-18. Count Three alleged Defendant Graham violated Plaintiff's Fourth Amendment rights by using excessive force to unlawfully remove her from the building. *See id.*, ¶¶ 19-20. Count Four alleged Defendant Wilson violated Plaintiff's First Amendment rights by having a news report from Plaintiff removed from youtube. *See id.*, ¶¶ 21-22.

Defendants moved to dismiss the Complaint. Doc. 16. On March 12, 2025, the Court entered an Order ("Prior Order") that (i) dismissed with prejudice Counts One, Two, and Three of the Complaint; and (ii) dismissed without prejudice Count Four of the Complaint with leave to file an amended pleading with respect to Count Four on or before March 25, 2025. *See* Doc. 32 at 5-6.

On March 19, 2025, Plaintiff filed a notice of appeal ("Notice of Appeal") of the Court's Prior Order. Doc. 33; *see also* Doc. 34.[1] Plaintiff's appeal has been docketed with the Eleventh Circuit, assigned case number 25-10895-G, and remains pending. The week *after* filing her Notice of Appeal, Plaintiff filed with this Court an amended complaint, Doc. 35, filed on March 25, 2025, followed by a corrected amended complaint, Doc. 36, filed on March 26, 2025.[2]

---

[1] The Notice of Appeal facially applies to the entirety of the Prior Order. Doc. 33; *see also* Doc. 34; Doc. 34-1; Doc. 34-2; Fed. R. App. P. 3(c). Indeed, in general, an order that disposes of fewer than all claims or that contemplates further substantive proceedings is not appealable. *See, e.g.*, *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018). This is known as the "final judgment rule." *See id.* "Although the 'final judgment rule' serves many purposes, one of its central objectives is to ensure [courts of appeal do] not engage in piecemeal appellate review." *U.S. S.E.C. v. Carrillo*, 325 F.3d 1268, 1272 (11th Cir. 2003).

[2] For efficiency, the undersigned will refer collectively to these filings at docket entries 35 and 36 as the "Amended Complaint." Though the later document may technically have

## II. Issues

In their Motion, Defendants argue primarily that this Court lacks jurisdiction and should therefore strike the Amended Complaint; in the alternative, Defendants argue that the Amended Complaint should be dismissed on the merits for failure to state a claim. *See generally* Doc. 37. Notably, Plaintiffs' Response addresses the Motion's alternative request (to dismiss the Amended Complaint on the merits), but not its primary one (to strike the Amended Complaint for lack of jurisdiction). *See generally* Doc. 40. Upon consideration, the undersigned considers Defendants' (unopposed) jurisdictional argument dispositive and thus does not address the merits.[3]

## III. Discussion

Plaintiff's Notice of Appeal—filed days *before* the Amended Complaint—divested this Court of jurisdiction. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990). As discussed above, the Prior Order dismissed Counts One through Three with prejudice but Count Four (the subject of the Amended Complaint) without prejudice and with leave to amend no later than March 25, 2025. *See* Doc. 32 at 5-6. Plaintiff then filed her Notice of Appeal followed, days later, by her Amended Complaint. *See* Docs. 33, 35-36.

---

superseded the former, and though the Motion technically references only the former, the Court must *sua sponte* consider jurisdictional issues. And the jurisdictional analysis herein applies equally to each filing.

[3] The undersigned notes that the Amended Complaint does not appear to be properly signed in accordance with Fed. R. Civ. P. 11(a). *See* Doc. 35 at 3-4 and Doc. 36 at 3-4 (each containing only a signed certificate of service with an otherwise unsigned signature block). In any event, as discussed, striking for lack of jurisdiction is warranted.

3

As the Eleventh Circuit has explained, in ordering dismissal without prejudice, "the district court may also provide for a stated period within which the plaintiff may amend the complaint." *Schuurman v. Motor Vessel "Betty K V"*, 798 F.2d 442, 445 (11th Cir. 1986). If the plaintiff fails to timely amend (or obtain an extension of time to do so), "the dismissal order becomes final at the end of the stated period." *Id.* However, "the plaintiff need not wait until the expiration of the stated time in order to treat the dismissal as final, but may appeal prior to the expiration of the stated time period." *Id.* But if, as here, "the plaintiff chooses to appeal before the expiration of time allowed for amendment," then "the plaintiff waives the right to later amend the complaint, even if the time to amend has not yet expired." *Id.*; *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260-61 (11th Cir. 2006) ("However, 'the plaintiff need not wait until the expiration of the stated time in order [for leave to amend] to treat the dismissal as final, but may appeal prior to the expiration of the stated time period.' … By filing an appeal in this manner, however, [a plaintiff has] elected to stand on its [prior pleading] and waived its right to further amendment.").

In short, under Eleventh Circuit precedent the Prior Order placed in Plaintiff's "hands the decision of whether or not to treat the dismissal of [her] complaint as final, and simultaneously [limited her] ability to manipulate the rules." *Schuurman*, 798 F.2d at 445-46. Having elected to treat the Prior Order as final and appeal, Plaintiff waived the right to thereafter file the Amended Complaint. *See id.; Garfield*, 466 F.3d at 1260-61; *see also Stevens v. Plumbers & Pipefitters Loc. 219*, 812 F. App'x 815, 818 (11th Cir. 2020) ("By appealing the district court's dismissal of his complaint before filing an

4

amended complaint, [the plaintiff] caused the district court's dismissal order to become a final, appealable order. … But as a consequence of appealing the dismissal order, [he] waived his right to amend his [claims that were dismissed without prejudice and with leave to amend]."); *Murray v. Governor*, No. 6:23-cv-1351-JSS-DCI, 2024 WL 4710179, at *1 (M.D. Fla. Nov. 7, 2024).

### IV. Conclusion

Accordingly, it is **respectfully recommended** that:

1. The Motion (Doc. 37) be **granted in part** to the extent that the Amended Complaint (Docs. 35, 36) be **stricken** for lack of jurisdiction.

2. The Clerk of Court be **directed** to close this case pending Plaintiff's appeal.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object

to a magistrate judge's findings or recommendations contained in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on May 28, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Wendy W. Berger, United States District Judge

*Pro Se* Plaintiff

Counsel of Record